FILED

NOV 21 2014

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BEVERLY QUEEN-THOMAS,

    Plaintiff,

v.

CITY OF CHICAGO BOARD OF
EDUCATION,

    Defendant.

14CV9343
JUDGE SHAH
MAG. JUDGE KIM

JURY DEMANDED

## COMPLAINT

**NOW COMES** Plaintiff, BEVERLY QUEEN-THOMAS, *pro se* and as her Complaint states as follows:

1. This is an action for discrimination on the basis of disability and retaliation in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

2. Plaintiff requests a trial by jury.

3. On or about May 17, 2012 Plaintiff filed a charge of discrimination and retaliation with the Illinois Department of Human Rights and the United States Equal Employment Opportunity Commission (EEOC Charge No. 21B-2012-01743). On or about August 22, 2014, the EEOC issued Plaintiff a Right-to-Sue letter, notifying her of her right to file a civil action within ninety (90) days. Plaintiff received the Right-to-Sue letter on or about August 25, 2014.

4. Plaintiff suffers from several medical conditions, including neck and back conditions, allergies, and asthma.

5. Plaintiff was employed by Defendant, CITY OF CHICAGO BOARD OF EDUCATION, as a Science Teacher at the Beasley Academic Center.

6. Plaintiff began working at the Beasley Academic Center in March 1999.

7. Beginning in July 2011, Kim Brasfield became the principal at the Beasley Academic Center.

## COUNT I
## DISABILITY DISCRIMINATION
## (NOT SELECTED TO COUNSELING POSITION)

8. Defendant harassed Plaintiff and subjected her to unequal terms and conditions of employment because of her disabilities, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

9. During all relevant times, Plaintiff suffered from several physical disabilities that impaired her ability to perform certain major life activities, although she was able to perform the essential functions of her job. These physical disabilities included conditions related to neck and back injuries, allergies, and asthma.

10. Plaintiff's medical conditions were substantial and were not transitory.

11. Defendant knew of Plaintiff's disabilities and perceived her as being disabled.

12. In August 2011, Ms. Brasfield rescinded a counseling position to which Plaintiff had been promoted by the previous principal.

13. Defendant rescinded the counseling position because of Plaintiff's disabilities. Brasfield rescinded the position with a discriminatory intent.

14. Defendant would not have rescinded the position but for Plaintiff's disabilities.

15. As a direct result of Defendant's conduct, Plaintiff has been deprived of wages and employment benefits entitling her to an award of backpay.

16. Plaintiff has suffered mental anguish, physical stress, and other physical and mental injuries and is entitled to an award of compensatory damages.

17. Plaintiff has also suffered damage to her reputation and lost promotional opportunities entitling her to an award of damages for future pecuniary losses.

18. Plaintiff is also entitled to her costs and reasonable attorneys fees.

**WHEREFORE,** the Plaintiff requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant and that she be awarded the following relief:

- A. An amount equal to lost wages and other employment benefits;
- B. Three Hundred Thousand Dollars ($300,000.00) in compensatory damages;
- C. Attorney's fees and costs; and
- D. Any other relief this Court deems appropriate.

### COUNT II
### DISABILITY DISCRIMINATION
### (HOSTILE WORK ENVIRONMENT)

1-7. Plaintiff realleges paragraphs one through seven of Count I as paragraphs one through seven of Count II.

8. Defendant harassed Plaintiff and subjected her to unequal terms and conditions of employment because of her disabilities, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

9. During the relevant times, Plaintiff suffered from several physical disabilities that impaired her ability to perform certain major life activities, although she was able to perform the

essential functions of her job. These physical disabilities included conditions related to neck and back injuries, allergies, and asthma.

10. Plaintiff's medical conditions were substantial and were not transitory.

11. Defendant knew of Plaintiff's disabilities and perceived her as being disabled.

12. Beginning in July 2011, Defendant took numerous actions to harass Plaintiff because she was disabled. These acts included:

    a. Rescinding a counseling position that Plaintiff had been promoted to by the previous principal;

    b. In July 2011, Brasfield held a meeting with all of the sixth-grade teachers, except Plaintiff, to discuss what they would be teaching;

    c. From September to December 2011, Brasfield threatened to fire Plaintiff if she did not follow Brasfield's directives;

    d. From July 2011 to December 2011, Brasfield told Plaintiff's coworkers what positions Plaintiff was qualified to teach in and told them what accommodations Plaintiff needed for her disabilities;

    e. In November 2011, Brasfield ordered Plaintiff to clean up the lab without offering adequate assistance, and then ordered Plaintiff to have her students clean the lab instead;

    f. From December 14, 2011 to December 26, 2011, Brasfield tried to get Plaintiff out of the school building;

g. From December 2011 to March 2012, Brasfield complained that Plaintiff's lesson plans were out of compliance and then threatened write-ups when Plaintiff requested feedback on her lesson plans;

h. From December 2011 to February 2012, Brasfield threatened to fire Plaintiff, saying that a window of opportunity was available to her and she could leave the school;

i. On January 11, 2012, Brasfield ordered Plaintiff to teach social studies without providing Plaintiff with materials and a book to teach with;

j. On January 20, 2012, Brasfield threatened to write Plaintiff up for inefficient lesson plans and for being an ineffective teacher;

k. On January 23, 2012 and February 2, 2012, Brasfield observed Plaintiff's class without prior notice, and then gave Plaintiff an unsatisfactory rating;

l. On February 2, 2012, Brasfield sent the assistant principal to Plaintiff's classroom to disrupt Plaintiff while Plaintiff was administering tests;

m. In February 2012, Brasfield bribed students with pizza and soda in exchange for those students writing derogatory comments about Plaintiff's teaching;

n. On February 14, 2012, Brasfield filed a baseless police report against Plaintiff;

o. On February 16, 2012, Brasfield issued Plaintiff a written warning for allegedly unsatisfactory work performance;

p. On multiple occasions, including on February 27, 2012, Brasfield attempted to pressure Plaintiff into resigning by offering her a letter of recommendation and a good E3 score if Plaintiff would resign; and

q. On March 7, 2012, Brasfield would not allow Plaintiff to administer the ISAT test to her class.

13. These actions were a form of harassment based on Plaintiff's disabilities, and were intended to induce Plaintiff to either quit her job or take an action that would constitute grounds for discharge.

14. The Defendant's actions created a hostile work environment for the Plaintiff.

15. Other, non-disabled teachers were treated better than Plaintiff in the workplace, and were not subjected to similar acts of harassment.

16. Defendant's managers had a discriminatory intent based on Plaintiff's disabilities. Defendant would not have taken the actions but for Plaintiff's disabilities.

17. As a direct result of Defendant's conduct, Plaintiff has been deprived of wages and employment benefits entitling her to an award of backpay.

18. Plaintiff has suffered mental anguish, physical stress and other physical and mental injuries and is entitled to an award of compensatory damages.

19. Plaintiff has also suffered damage to her reputation and lost promotional opportunities entitling her to an award of damages for future pecuniary losses.

20. Plaintiff is also entitled to her costs and reasonable attorneys fees.

**WHEREFORE,** the Plaintiff requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant and that she be awarded the following relief:

  A. An amount equal to lost wages and other employment benefits;

  B. Three Hundred Thousand Dollars ($300,000.00) in compensatory damages;

  C. Attorney's fees and costs; and

  D. Any such other relief as this Court deems appropriate.

## COUNT III - RETALIATION

1-7. Plaintiff realleges paragraphs one through seven of Count I as paragraphs one through seven of Count III.

8. On January 3, 2012, Plaintiff engaged in protected activity when she filed a discrimination complaint with Donna Leak, who worked for Defendant's Equal Opportunity Compliance Office.

9. Defendant harassed Plaintiff and subjected her to unequal terms and conditions of employment in retaliation for her discrimination complaint. Defendant's actions violated the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.* and the Illinois Human Rights Act, 775 ILCS 5/1-101 *et seq.*

10. After Plaintiff complained to the internal equal opportunity officer, Defendant took a number of harassing actions against her, including but not limited to:

  a. On January 11, 2012, Brasfield ordered Plaintiff to teach social studies without providing Plaintiff with materials and a book to teach with;

  b. On January 20, 2012, Brasfield threatened to write Plaintiff up for inefficient lesson plans and for being an ineffective teacher;

  c. On January 23, 2012 and February 2, 2012, Brasfield observed Plaintiff's class without prior notice, and then gave Plaintiff an unsatisfactory rating;

    d.    On February 2, 2012, Brasfield sent the assistant principal to Plaintiff's classroom to disrupt Plaintiff while Plaintiff was administering tests;

    e.    In February 2012, Brasfield bribed students with pizza and soda in exchange for those students writing derogatory comments about Plaintiff's teaching;

    f.    On February 14, 2012, Brasfield filed a baseless police report against Plaintiff;

    g.    On February 16, 2012, Brasfield issued Plaintiff a written warning for allegedly unsatisfactory work performance;

    h.    On multiple occasions, including on February 27, 2012, Brasfield attempted to pressure Plaintiff into resigning by offering her a letter of recommendation and a good E3 score if Plaintiff would resign;

    i.    Brasfield threatened to fire Plaintiff, saying that the window of opportunity was available to her and she could leave the school;

    j.    Brasfield complained that Plaintiff's lesson plans were out of compliance and threatened write-ups when Plaintiff requested feedback on her lesson plans; and

    k.    In March 2012, Brasfield would not allow Plaintiff to administer the ISAT test to her class.

11.    These actions were a form of harassment in retaliation for Plaintiff's discrimination complaints, and were intended to make Plaintiff either quit her job or take an action that would lead to her discharge.

12.    The Defendant's actions created a hostile work environment for the Plaintiff.

13. Plaintiff was treated worse than other teachers who had not complained about discrimination.

14. Defendant took the actions with an intent to retaliate against Plaintiff because of her discrimination complaints. Defendant would not have taken the actions but for Plaintiff complaining about discrimination.

15. Plaintiff has suffered mental anguish, physical stress and other physical and mental injuries and is entitled to actual damages for her pain and suffering.

16. Plaintiff is entitled to her costs and reasonable attorneys' fees.

**WHEREFORE,** the Plaintiff requests that this Court enter a judgment in favor of the Plaintiff and against the Defendant and that she be awarded the following relief:

    A. An amount equal to lost wages and other employment benefits;

    B. Three Hundred Thousand Dollars ($300,000.00) in actual damages for emotional pain and suffering;

    C. Attorney's fees and costs; and

    D. Any such other relief as this Court deems appropriate.

Dated: _____

_____
BEVERLY QUEEN-THOMAS, Plaintiff
10512 South Rhodes Avenue
Chicago, Illinois 60628
(312) 498-4622